RECEIVED
IN LAKE CHARLES, LA

FEB 24 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| DAMEON DALEY<br>FED. REG. #03558-017 | CIVIL ACTION NO. 10-0298 |
| VS. | JUDGE MINALDI |
| J.P. YOUNG | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court are the petitioner's objections [doc. 10] to the Report and Recommendation filed by the Magistrate Judge [doc. 8]. The Magistrate Judge recommends that civil action number 2:10-298 be dismissed as duplicative and malicious.

Facts

On March 11, 2009, while incarcerated at USP Victorville, California, the petitioner, Dameon Daley ("Daley"), was involved in an altercation with inmate McDaniels. As a result of this altercation, two separate disciplinary reports were issued by Officer Pacheco (Incident Report #1843343) and Safety Specialist Layva (Incident Report #18433392). Incident Report #1843343 charged Daley with fighting with another person and being in an unauthorized area. Incident Report #18433392 charged Daley with the possession, manufacture and introduction of a weapon. Incident Report #1843343 and the resulting disciplinary actions are the basis for 2:10 cv 00298. Incident Report # #18433392 and the resulting disciplinary actions are the basis for 2:10 cv 00040. The penalties in both cases were the same. Daley alleges similar violations of due process in both complaints.

Law

*Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), *cert. denied*, 493 U.S. 969 (1989) held that in forma pauperis complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff. 878 F.2d at 850.

In *Pittman v. Moore*, 980 F.2d 994-995 (5th Cir.1993), the court noted that *Wilson* did not discuss dismissal of pauper complaints that are duplicative of still pending lawsuits[1] filed by the same plaintiff, but it essentially held that pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata*.

The test for *res judicata* (claim preclusion) has four elements: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both claims." *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir.1999). To determine whether the claims are the same, the court applies the transactional test, which considers whether the claims turn on the same nucleus of operative facts. *Id.* (citations and quotations omitted). The transactional approach bars a subsequent suit if it "arises out of the same subject matter of a previous suit and which, through the exercise of diligence, could have been litigated in a prior suit." *Getty Oil Co. v. Ins. Co. of N. Am.*, 845 S.W.2d 794, 799 (Tex.1992) (internal citations and quotation marks omitted). *Wainscott v. Dallas County, Tex.*, 2011 WL 135181, 2 ( 5th Cir. 2011).

Daley's suit 10-298 is not barred by the principle of *res judicata* as his complaint in 10-0040 is still pending. There has been no final judgment on the merits. The court in *Pittman* also found

---

[1] 2:10 cv 0040 is still pending in this court.

that, under § 1915(d), a pauper's complaint may be dismissed if the district court is "satisfied that the action is frivolous or malicious." The court reasoned that it is "malicious" for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff. Because two separate disciplinary charges and disciplinary hearings serve as the bases of Daley's two suits, these actions are not duplicative and malicious.

These two suits by Daley arose from a common incident. Two disciplinary reports resulted from the same altercation. Rather than dismissing 10-0298 as duplicative, this court must consider whether consolidation is appropriate. The decision whether to consolidate causes of action is within the discretion of the district court. *Dillard v. Merrill Lynch, Pierce, Genner & Smith, Inc.*, 961 F.2d 1148, 1161 (5th Cir.1992), *cert. denied*, 113 S.Ct. 1046 (1993). "Consolidating actions in a district court is proper when the cases involve common questions of law and fact and the district court finds that it would avoid unnecessary costs or delays. *Id*; *Hallal v. Tillman*, 1994 WL 523769, 1 (5th Cir. 1994). Considering that both causes of action arose from the the same alleged incident, there are common questions of law and fact. Accordingly, these suits will be consolidated for judicial economy.[2]

To the extent stated above, the petitioner's objections are SUSTAINED and case 10-298 will not be dismissed as duplicative and malicious.

Lake Charles, Louisiana, this 3rd day of February, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] The fact that these cases are being consolidated do not address issues of jurisdiction, nor does this ruling address the merits of either claim.